AKIN *vs.* BLANCHARD, impleaded, &c,

A party dealing with a corporation is presumed to know the extent of its corporate powers; that is, he is bound to know the law; but he has a right to presume, in the absence of express notice to the contrary, that the corporation does its duty and acts within and according to, its charter.

Where a party takes, from the holder thereof, the note of a third person, payable to the order of, and indorsed by, an insurance company, paying value therefor, he has a right to presume that the note was transferred in pursuance of a resolution of the board of directors; and is therefore a bona fide holder for value, without notice.

APPEAL from a judgment entered at the circuit, dismissing the complaint, with costs. The action was upon a promissory note, for $641.25, made by the defendant on the 22d of May, 1855, payable to the order of the Atlas Mutual Insurance Co. twelve months after date. The action was tried at the New York circuit, in February, 1858, before a justice of the court without a jury, a jury being waived. The court specified as the facts found, the following : That the promissory note on which the action was brought, was made and delivered by the defendant, Albus R. Blanchard, to the Atlas Mutual Insurance Company, in payment of a premium for insurance. That said note was, with other notes, amounting to $20,307.50, on the 27th day of September, 1855, delivered, as per receipt of Wm. A. Brown, by the Atlas Mutual Insurance Company, to the said Brown, as collateral security for payment of a loan of $20,000, on the day and at the time of such delivery, loaned by said Brown to the company. That said loan has not been paid. That said note was, at the time of the commencement of this action, held by the plaintiff. That the said note was, at the time of such delivery to Brown, indorsed as follows : "Pay      for account of the Atlas Mutual Insurance Company.

GEO. H. TRACY, S'y."

That there was no resolution of the board of directors authorizing the transfer of said note. That William A. Brown took said note, with others, as collateral security for a loan

of money to said company, and without express notice of the
want of authority to transfer the same by the officers of the
company. And the justice found as conclusions of law the
following: That, by reason of such indorsement, and the want
of a resolution of the board of directors of the said Atlas
Mutual Insurance Company, the title to said promissory note
did not pass, and the property therein remained in the said
Atlas Mutual Insurance Company. That the plaintiff was
therefore not entitled to recover thereupon, and that the com-
plaint in this action should be dismissed with costs. Judg-
ment was thereupon, on the 13th day of March, 1858, entered,
dismissing the complaint in this action, and for costs in favor
of the defendant against the plaintiff, amounting to $75.16
as adjusted.

*J. S. Ridgway,* for the plaintiff.

*G. Dean,* for the defendant.

*By the Court,* SUTHERLAND, J. The judgment dismiss-
ing the complaint in this action should be reversed.

The plaintiff is a bona fide holder for value without notice,
and within the exception to the 8th section of the statute.

A party dealing with a corporation is presumed to know
the extent of its corporate powers; that is, he is bound to
know the law; but he has a right to presume, in the absence
of express notice to the contrary, that the corporation does
its duty and acts within and according to its charter. These
two legal propositions cover and determine all the questions
in this case.

The plaintiff had a right to presume that the notes were
transferred in pursuance of a resolution of the board of
directors, and he is therefore, as he paid value, a bona fide
holder for value without notice.

Judgment reversed.

[NEW YORK GENERAL TERM, May 7, 1860. *Sutherland, Bonney* and *Mul-
lin,* Justices.]